# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 22, 2013

Lyle W. Cayce
Clerk

No. 12-41035
Summary Calendar

DONALD R. HOWARD,

Plaintiff–Appellant,

v.

DAVID LANGSTON; GARY WRIGHT; VIRGINIA SCHAFER; TARA PATTON; LORI FORTNER; ET AL,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-250

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald R. Howard, Texas prisoner # 1397355, moves for appointment of counsel and leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, Howard alleged that the defendants engaged in a wide-ranging conspiracy to kill him on behalf of the Ku Klux Klan. The parties consented to allow the magistrate judge (MJ) to adjudicate the case, and the MJ dismissed Howard's complaint pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 1915A(b)(1) on the ground that it was frivolous and failed to state a claim upon which relief may be granted. The MJ denied Howard's subsequent motion to proceed IFP on appeal and certified that his appeal was not taken in good faith.

By moving to proceed IFP here, Howard is challenging the MJ's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He reiterates his factual allegations of a conspiracy and contends that the MJ erred by improperly making a credibility determination regarding the disputed material facts in his complaint. A court may dismiss a claim as factually frivolous where the facts alleged are "clearly baseless," such as when the allegations are fanciful, fantastic, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Howard's conclusory brief does not show that the MJ erred in certifying that his appeal was not taken in good faith. *See id.*; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (per curiam). The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

Howard filed a prior civil suit that was dismissed by the district court under § 1915A(b)(1) as frivolous and for failure to state a claim, a decision from which he did not appeal. *Howard v. Crenshaw*, No. 4:08-CV-3751 (S.D. Tex. Dec. 30, 2008). That prior dismissal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Based on the MJ's dismissal of his instant complaint and our dismissal of this appeal as frivolous, Howard has accumulated two additional strikes, for a total of three strikes under § 1915(g). *See Adepegba*, 103 F.3d at 388. Thus, Howard may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Additionally, we warn Howard that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal,

monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Howard is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; MOTIONS FOR LEAVE TO PROCEED IFP AND APPOINTMENT OF COUNSEL DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.