# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40890

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2014

Lyle W. Cayce
Clerk

DONALD R. HOWARD,

Plaintiff-Appellant

v.

DAVID LANGSTON; GARY WRIGHT; VIRGINIA SCHAFER; TARA PATTON; LORI FORTNER; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-250

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donald R. Howard, Texas prisoner # 1397355, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his postjudgment motions to amend his complaint, withdraw his consent to proceed before the magistrate judge, file a supplemental complaint, and proceed IFP in the district court. Prior to his filing of those motions, this court dismissed as frivolous his appeal from the final judgment on his original complaint in this case. *Howard v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40890

*Langston*, 544 F. App'x 427 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1316 (2014). In that opinion, we imposed the bar under 28 U.S.C. § 1915(g), which prohibited Howard from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *Id.* at 428-29.

Howard contends that his supplemental complaint sufficiently alleged an imminent danger of serious physical injury. He does not address the fact that he moved to file the supplemental complaint after both the district court and this court had already disposed of his case. *See Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) ("Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under FED. R. CIV. P. 59 or 60."). He also makes no argument regarding the denial of his motion to amend his complaint, and we do not consider his argument that his consent to proceed before the magistrate judge expired upon retirement of the original magistrate judge in this case, as he raises that argument for the first time here. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). This appeal is without arguable merit and is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Howard's motion for leave to proceed IFP on appeal is denied.

Howard has not heeded our previous warning against frivolous filings. *See Howard*, 544 F. App'x at 428. Accordingly, it is ordered that Howard pay a sanction in the amount of $100 to the Clerk of this Court. Until the sanction has been paid in full, Howard is barred from filing any pleading in this court or any court subject to this court's jurisdiction, unless he first obtains leave of the court in which he seeks to make the filing. We reiterate that Howard has accumulated three strikes under § 1915(g) and may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Howard is

No. 13-40890

additionally warned that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional and progressively more severe sanctions and that he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; SANCTION IMPOSED; SANCTION WARNING ISSUED.